**JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JOSE GARCIA CARBALLEA,

           Petitioner,

   v.

KRISTI NOEM, ET AL.,

           Respondents.

Case No. 5:25-cv-03459-KK-AJR

**ORDER DISMISSING ACTION
WITHOUT PREJUDICE BASED ON
LACK OF JURISDICTION**

On December 19, 2025, Petitioner Jose Garcia Carballea ("Petitioner), an immigration detainee then being held at the Adelanto Detention Facility and represented by counsel, filed a Petitioner for Writ of Habeas Corpus (the "Petition"). (Dkt. 1.)  In the Petition, Petitioner sought immediate release from federal custody based on his prolonged detention. (Id. at 2.)  On February 9, 2026, Respondents filed an Answer to the Petition (the "Answer").  (Dkt. 11.)  On February 24, 2026, Respondents filed a "Supplement to Answer" which included evidence of Petitioner's removal.  (Dkt. 12.)  On February 26, 2026, Petitioner filed a Notice of Voluntary Dismissal (the "Notice").  (Dkt. 13.)  The Notice advises that "on January 19, 2026, the Petitioner was removed to Mexico, rendering the claims moot."  (Id. at 1.)

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party."  The Supreme Court has explained that the Article III case or controversy requirement prevents federal courts from deciding "questions that cannot affect the rights of litigants in the case before them."  De Funis v. Odegaard, 416 U.S. 312, 316 (1974) (internal quotation marks omitted).  Where a federal court cannot redress the plaintiff's injury with a favorable decision, the case is considered moot and must be dismissed.  See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (internal quotation marks omitted)).  "Mootness is a question of law, and federal courts must consider mootness *sua sponte*."  Wallingford v. Bonta, 82 F.4th 797, 800-01 (9th Cir. 2023) (internal quotation marks and citations omitted).  "Mootness is jurisdictional."  Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005).

Based on the Notice filed by Petitioner, it is clear that this Court can no longer redress Petitioner's injury with a favorable decision because he has already been released from federal custody on January 19, 2026, when he was removed to Mexico. Accordingly, the Petition is moot and the Court lacks jurisdiction.  Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), Petitioner's request for dismissal requires court approval because Respondents have filed an Answer.  Accordingly, the Court GRANTS Petitioner's request and dismisses the Petition without prejudice for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  March 2, 2026

_____
KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE